UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DARLA HORNE

    Plaintiff,

    v.

SOUTHWEST AIRLINES CO., and DOES 1 through 10, inclusive,

    Defendants.

_____/

No. C 05-3443 PJH

**ORDER GRANTING MOTION TO DISMISS**

Defendant's motion to dismiss plaintiff's complaint came on for hearing before this court on October 12, 2005. Plaintiff Darla Horne appeared through her counsel, Richard M. Rogers, and defendant appeared through its counsel, Angela Dotson. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motion as follows, for the reasons stated at the hearing.

    1.    Plaintiff's cause of action for violation of California Government Code § 12945 et seq. (the Fair Employment and Housing Act) is dismissed with prejudice because it is barred by the applicable statute of limitations. See Cal. Gov't Code § 12960 (establishing a one-year limitation for the filing of an administrative complaint).

    2.    Plaintiff's cause of action for wrongful termination in violation of public policy is dismissed with prejudice because it is barred by the applicable statute of limitations. See California Code of Civil Procedure § 335.1 (establishing a two-year limitation for the filing of a complaint).

    3.    To the extent plaintiff asserts any cause of action for intentional infliction of emotional distress, this claim is also dismissed with prejudice because it is barred by the applicable statute of limitations. See Cal. Code Civ. Proc. § 335.1 (establishing a two-year

limitation for the filing of a complaint).

Plaintiff attempts to avoid dismissal by arguing for application of (1) equitable tolling, or (2) the doctrine of continuing violations, or (3) California Code of Civil Procedure § 352. Plaintiff's reliance on these doctrines is misplaced, as none applies.

Equitable tolling does not apply because plaintiff cannot prove either excusable ignorance or justifiable delay. Moreover, plaintiff's pursuit of a union grievance procedure is insufficient, as a matter of law, to toll the applicable limitations period. Similarly, the doctrine of continuing violations has no application here. That doctrine allows a plaintiff to allege a claim based in part on conduct that occurred outside the limitations period, provided that at least one of the acts occurred within the statutory period. Richards v. CH2M Hill, Inc., 26 Cal. 4th 798, 823-24 (2001). Here, the triggering act Horne complains of – her August 3, 2001 termination – is already outside the limitations period. Finally, California Code of Civil Procedure § 352 is also inapplicable. That provision provides for tolling of statutes of limitation when the claimant is either under the age of majority, or legally insane at the time a cause of action accrues. Cal. Code Civ. Proc. § 352. Here, there is no allegation that Horne was mentally incompetent or otherwise legally insane at the time of her termination.

Accordingly, and since no doctrine applies to prevent application of the relevant statutes of limitation, plaintiff's causes of action are dismissed. Because the court finds, as stated at the hearing, that granting leave to amend plaintiff's complaint would be futile, the dismissal is with prejudice. This disposes of the whole of plaintiff's complaint. The clerk shall close the file.

**IT IS SO ORDERED**.

Dated: October 31, 2005

_____
PHYLLIS J. HAMILTON
United States District Judge